Chris J. Zhen (SBN 275575)
Phone: (213) 935-0715
Email: chris.zhen@zhenlawfirm.com
Hogan Ganschow (SBN 256137)
Phone: (805) 453-4435
Email: hogan.ganschow@zhenlawfirm.com
Zhen Law Firm
5670 Wilshire Blvd, Suite 1800
Los Angeles, CA 90036

Attorneys for Plaintiff
DIGITAL MARKETING ADVISORS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| DIGITAL MARKETING ADVISORS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KALYSTA MALLORY,<br><br>　　　　　Defendant. | Case No.: 2:21-cv-4509-JFW-KES<br><br>NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(e)(1); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:　　　August 9, 2021<br>Time:　　　1:30 p.m.<br>Judge:　　　Honorable John F. Walter<br>Courtroom:　7A |

**PLEASE TAKE NOTICE THAT** on August 9, 2021 at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 7A of the Honorable John F. Walter, located at the United State Courthouse, 350 W. 1st Street, Los Angeles, CA 90012.

Plaintiff Digital Marketing Advisors, by and through its attorney of record Chris J. Zhen of the Zhen Law Firm, will move the Court for an order permitting service by:

NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(E)(1); MEMORANDUM OF POINTS AND AUTHORITIES

-1-

(1) e-mail [mallorykalysta@gmail.com] (hereinafter "Defendant's email"),

(2) certified mail, return receipt requested to:

    i) Defendant Kalysta Mallory's residential address at 7160 E Kierland Blvd Scottsdale UNIT #914, AZ 85254 (hereinafter "residential address");

    ii) Kalysta Mallory LLC, 4544 W. Lupine Ave, Glendale, AZ 85304 (hereinafter "Entity Business address"); and

    iii) Kalysta Mallory LLC, 16201 N. Scottsdale Rd., #100, Scottsdale, AZ, 85254 (hereinafter "Member Business address").

At the time and place of hearing, Plaintiff will present proof of the following matters:

1. On June 1, 2021, Plaintiff Digital Marketing Advisors filed a Complaint against Defendant Kalysta Mallory.

2. Efforts to serve Defendant through one of the means authorized by Fed. R. Civ. P. 4(e)(1) and Arizona Rule of Civil Procedure 4.1(d) have proven impracticable.

This Motion is based on the attached Memorandum of Points and Authorities, the attached exhibits, the Declaration of Zachery Urbina, Declaration of Chris Zhen, Affidavit of Non-Service of Cheryl Anderson, Affidavit of Non-Service of Craig Podgurski, the Court's record in this action, including Digital Marketing Advisors Complaint, all matters of which the Court may take notice, and any other evidence and oral arguments presented at the hearing of the Motion or requested by the Court. Accordingly, Digital Marketing Advisors hereby respectfully requests this Court enter an Order granting the Motion for alternative service on Defendant.

///

NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(E)(1); MEMORANDUM OF POINTS AND AUTHORITIES

1 | Dated: July 18, 2021          Respectfully Submitted,

**ZHEN LAW FIRM**

By: ____*/s/ Chris J. Zhen*_____
Chris J. Zhen (State Bar No. 275575)
(213) 935-0715 | chris.zhen@zhenlawfirm.com
Hogan Ganschow (State Bar No. 256137)
(805) 453-4435 | hogan.ganschow@zhenlawfirm.com
**ZHEN LAW FIRM**
5670 Wilshire Blvd #1800
Los Angeles, CA 90036
*Attorneys for Plaintiff, DIGITAL MARKETING ADVISORS*

---

NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(E)(1); MEMORANDUM OF POINTS AND AUTHORITIES

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................ **5**

    Cases ............................................................................................................. 5

    Statutes ......................................................................................................... 5

    Rules ............................................................................................................. 5

**MEMORANDUM OF POINTS AND AUTHORITIES** .......................................... **6**

    I.     BACKGROUND .................................................................................. 6

    II.    ALTERNATIVE SERVICE ............................................................... 8

           A.   Legal Standard ........................................................................... 8

           B.   Plaintiff Should Be Permitted to Effectuate Service by Alternative Means .. 10

    III.   CONCLUSION ................................................................................. 11

NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(E)(1); MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Cases**

*Bank of New York Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) ............................. 9

*Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ......................................................................... 7

*Blair v. Burgener*, 226 Ariz. at 218, 245 P.3d at 903 (Ariz. Ct. App. 2010) ................................. 8

*Direct Mail Specialists, Inc. v. Eclat Computerized Techn., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ................................................................................................................................... 9

*Kelly v. Lewis*, 220 A.D.2d 485, 486, 632 N.Y.S.2d 186, 186 (App. Div. 1995) ........................... 8

*Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) ..................................... 7

*Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) .................................... 7

*S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) ..................................................................... 7

**Statutes**

Title 17 U.S.C., §§ 101 *et seq*. ........................................................................................................ 5

**Rules**

Ariz. R. Civ. P. 4.1 (k) .................................................................................................................... 8

Fed. R. Civ. P. 4 .............................................................................................................................. 7

NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(E)(1); MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     BACKGROUND

Plaintiff Digital Marketing Advisors filed this action on June 1, 2021 against Defendant Kalysta Mallory for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*. Plaintiff alleges that Defendant used copyrighted works of Plaintiff without authorization.

Plaintiff sought to effect service on Defendant Kalysta Mallory at her residence between June 3, 2021 and June 9, 2021 on five different days and different times of the day. A true and correct copy of the Affidavit of Non-Service of process server Cheryl Anderson is attached as **EXHIBIT 1**.

Defendant Kalysta Mallory previously provided her own residential address for a Content Creator Agreement on June 15, 2020 with Plaintiff. A true and correct copy of the executed Content Creator Agreement showing Defendant's residential address is attached as **EXHIBIT 2**. The residential address provided by Defendant was 7160 East Kierland Blvd; the address omitted any apartment or unit numbering, the state, and zip code. A skip trace was performed to verify the address. The process server verified the address for Defendant as 7160 E Kierland Blvd Scottsdale UNIT #914, AZ 85254. A true and correct copy of the Affidavit of Non-Service of Craig Podgurski showing the confirmed residential address is attached as **EXHIBIT 3**.

The process server made five unsuccessful attempts including (local Arizona time):

attempt #1 – Thursday, June 3, 2021 at 4:59pm;

attempt #2 – Friday, June 4, 2021 at 3:52pm;

attempt #3 – Sunday, June 6, 2021 at 9:43am;

NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(E)(1); MEMORANDUM OF POINTS AND AUTHORITIES

    attempt #4 – Tuesday, June 8, 2021 at 2:15pm; and

    attempt #5 – Wednesday, June 9, 2021 at 8:32pm.

(**EXHIBIT 1**).

  After the above unsuccessful attempts at service, Plaintiff's attorney sought to reach Defendant through other methods, including through email and other addresses found through online searches. An internet search for Defendant's name shows an Arizona Domestic LLC named the Kalysta Mallory LLC with Defendant listed as a member. A true and correct copy of a screen capture of the Arizona Corporation Commission website [http://ecorp.azcc.gov/], accessed on June 6, 2021, is attached as **EXHIBIT 4**. A true and correct copy of Kalysta Mallory LLC's Statement of Change from the Arizona Corporation Commission website is attached as **EXHIBIT 5**. The Entity Known Place of Business is listed as 4544 W. Lupine Ave, Glendale, AZ 85304, USA. Defendant's member address is listed as 16201 N. Scottsdale Rd., #100, Scottsdale, AZ, 85254, USA.

  Defendant's email address was provided by Defendant to Plaintiff during their working relationship. See the true and correct copy of **EXHIBIT 6 DECLARATION OF ZACHARY URBINA, ¶¶ 3-4** and true and correct copy of **EXHIBIT 7** (referred to as "EXHIBIT 1" in Urbina's Declaration) showing a redacted electronic communication including Defendant's email address.

  On June 28, Plaintiff's attorney sent a letter including copies of the Summons and Complaint to Defendant's email and the three mailing addresses: 1) residential address, 2) Entity Business address, and 3) Member Business address. A true and correct copy of the letter of June 28, 2021 is attached as **EXHIBIT 8**. The Kalysta Mallory LLC shows a statutory or authorized agent of Louro LLC (**EXHIBIT 5**). The Louro LLC is associated with attorney Daniel Alvino

NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(E)(1); MEMORANDUM OF POINTS AND AUTHORITIES

Louro with an email address of dlouro213@gmail.com (**EXHIBIT 9**). Plaintiff Urbina provided another email daniel@lourollc.com associated with attorney Daniel Louro. Plaintiff sent two emails to attorney Daniel Louro at the two available email addresses to inquire of Mr. Louro's capacity to accept service of process. True and correct copies of the email communications to dlouro213@gmail.com and daniel@lourollc.com are attached as **EXHIBIT 10** and **EXHIBIT 11**, respectively. To date, Plaintiff has not received any responses (see **EXHIBIT 12, DECLARATION OF CHRIS ZHEN at ¶4**).

Plaintiff accordingly seeks the Court's permission to effectuate service upon Defendant by alternative service pursuant to Federal Rule of Civil Procedure 4(e)(1) and Ariz. R. Civ. P. 4.1(k). Plaintiff asks for leave to effectuate service on Defendant by (1) e-mail and (2) certified mail, return receipt requested, to Defendant Kalysta Mallory's residential address, and business addresses found through the Arizona Corporation Commission website. Alternative means of service of process is warranted here, as personal service has become impracticable.

## II.  ALTERNATIVE SERVICE

### A.  Legal Standard

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of the summons and complaint must be satisfied. *Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*; *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Because service of process is the means by which a trial court obtains jurisdiction over a person, "[a] person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process." *Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). Rule 4, Fed. R. Civ. P., governs the

NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(E)(1); MEMORANDUM OF POINTS AND AUTHORITIES

service of process in federal courts. "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

Federal Rule of Civil Procedure 4(e) addresses service of process on an individual within a judicial district of the United States. Rule 4(e)(1) provides, in relevant part, that "[u]nless federal law provides otherwise, an individual … may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or **where service is made** …." (Emphasis added.) In this case, service is being attempted on Defendant in the state of Arizona.

Under Arizona law, when personal service has become impracticable, Ariz. R. Civ. P. 4.1 (k) authorizes service by alternative means as follows:

> *(1) Generally.* If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are *impracticable*, the court may--on motion and without notice to the person to be served--order that service may be accomplished in another manner.
>
> *(2) Notice and Mailing.* If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement. In any event, *the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served*.

Rule 4.1(k), Ariz. R. Civ. P. (emphasis added).

Arizona law does not expressly define the standard for impracticability, but in 2010, the Arizona Court of Appeals in Blair approvingly cited the language from a New York case on a similar service issue. "[T]he standard of impracticability [i]s "different from the more stringent one of 'due diligence' … That is, to meet the standard on impracticability does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken[.]" *Blair v. Burgener*, 226 Ariz.

NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(E)(1); MEMORANDUM OF POINTS AND AUTHORITIES

-9-

at 218, 245 P.3d at 903 (Ariz. Ct. App. 2010) (quoting *Kelly v. Lewis*, 220 A.D.2d 485, 486, 632 N.Y.S.2d 186, 186 (App. Div. 1995)). Impracticable does not mean impossible, but rather that service would be "extremely difficult or inconvenient." *Id*. Applying this standard of impracticability, the New York court concluded that three attempts at service on three different days constituted sufficient efforts to warrant alternative means of service. Adopting the same standard, the *Blair* court found that Blair's efforts at service without success met the definition of impracticability justifying alternative service.

In a recent 2018 appeal, the Arizona Court of Appeals rejected an appellant's argument that "five naked service attempts, without reaching out to immediate family members, work place(s), neighbors, and/or making phone calls to determine if the subject is even in town at the time of the alleged service attempts neither constitute impracticability, nor warrants a motion for order authorizing alternative service." *Bank of New York Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018). In upholding alternative service by post and mail, the Court cited an affidavit of non-service showing service attempts on five days, at different times of the day to be sufficient to support the conclusion that personal service would be extremely difficult or inconvenient. *Id*. at 553, 558.

**B. Plaintiff Should Be Permitted to Effectuate Service by Alternative Means**

In this case, Plaintiff has satisfied the standard of impracticability by attempting personal service on Defendant on five separate occasions encompassing four work days, one weekend day, and service during the morning, afternoon and evening. While not required by the rules, Plaintiff attempted communications to effect service of process by sending communications to an email address known to be used by Defendant, to business mailing addresses found online that

NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(E)(1); MEMORANDUM OF POINTS AND AUTHORITIES

were associated with Defendant, and to email addresses associated with an attorney for the Defendant's business.

The Ninth Circuit has held that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Techn., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). A Federal Court in Arizona has authorized service by email in conjunction with fax and mail contact information gleaned from a Defendant's website. *Barber v. Lilly*, 2013 WL 5498245 (D. AZ. 2013).

Plaintiff proposes to effectuate service on Defendant by (1) e-mail via Defendant's email address and (2) certified mail, return receipt requested, to Defendant Kalysta Mallory's residential address, business addresses found online including Kalysta Mallory LLC's Entity Business address and Member Business address.

### III. CONCLUSION

Because personal service has become impracticable, Plaintiff requests permission for alternative service by email and certified mail, as authorized by Federal and Arizona law.

Dated: July 18, 2021                    Respectfully Submitted,

**ZHEN LAW FIRM**

By:   */s/ Chris J. Zhen*
Chris J. Zhen (State Bar No. 275575)
(213) 935-0715 | chris.zhen@zhenlawfirm.com
Hogan Ganschow (State Bar No. 256137)
(805) 453-4435 | hogan.ganschow@zhenlawfirm.com
**ZHEN LAW FIRM**
5670 Wilshire Blvd #1800
Los Angeles, CA 90036
*Attorneys for Plaintiff, DIGITAL MARKETING ADVISORS*

NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE PURSUANT TO FED. R. CIV. P. 4(E)(1); MEMORANDUM OF POINTS AND AUTHORITIES