**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 21-4509-JFW(KESx)**                          Date:  September 9, 2021

Title:        Digital Marketing Advisors *-v-* Kalysta Mallory

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

**Shannon Reilly**                                  **None Present**
**Courtroom Deputy**                              **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                              None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER GRANTING MOTION FOR ORDER**
                                      **AUTHORIZING ALTERNATIVE SERVICE PURSUANT**
                                      **TO FED. R. CIV. P. 4(e)(1) [filed 8/2/21; Docket No. 15]**

On August 2, 2021, Plaintiff Digital Marketing Advisors ("Plaintiff") filed a Motion for Order Authorizing Alternative Service Pursuant to Fed. R. Civ. P. 4(e)(1) ("Motion").  Defendant Kalysta Mallory ("Defendant") did not file an Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for September 13, 2021 is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

On June 1, 2021, Plaintiff filed a Complaint against Defendant, alleging claims for copyright infringement, unjust enrichment, and unfair competition.  Plaintiff alleges that Defendant used Plaintiff's copyrighted works without authorization.

In order to personally serve Defendant with the Summons and Complaint, Plaintiff's process server attempted unsuccessfully to serve Defendant at her residence[1] located at 7160 East

---

[1]  Defendant had provided her residential address and email address to Plaintiff in connection with a Content Creator Agreement entered into by Plaintiff and Defendant on June 15, 2020.  *See* Complaint (Docket No. 1), Exh. 1.  Although the address provided in the Content Creator Agreement did not include a unit or apartment number, a skip trace performed by the process server verified the address for Defendant in Scottsdale, Arizona, including the unit number.

                                                                    Initials of Deputy Clerk  _sr_

Kierland Boulevard, Scottsdale, Arizona 85254 on five separate occasions: (1) Thursday, June 3, 2021, at 4:59 p.m.; (2) Friday, June 4, 2021, at 3:52 p.m.; (3) Sunday, June 6, 2021, at 9:43 a.m.; (4) Tuesday, June 8, 2021, at 2:15 p.m., and (5) Wednesday, June 9, 2021, at 8:32 p.m.

After the unsuccessful attempts to serve Defendant at her residence, on June 10, 2021, Plaintiff sent an email to attorney Daniel Louro ("Louro"), who is the authorized agent for Defendant's business, Kalysta Mallory LLC, at two different email addresses requesting that Louro accept email delivery of the Summons and Complaint and waive service of process.  Louro never responded to Plaintiff's request.

Thereafter, Plaintiff located two addresses – 4544 W. Lupine Avenue, Glendale, Arizona 85304 and 16201 N. Scottsdale Road, #100, Scottsdale, Arizona 85254 – associated with Defendant's business, Kalysta Mallory LLC, on the Arizona Corporation Commission website.  On June 28, 2021, Plaintiff mailed copies of the Summons and Complaint to Defendant at her business addresses.  On the same day, Plaintiff also sent copies of the Summons and Complaint to Defendant's residence by mail and to her email address.  Defendant never responded to any of Plaintiff's efforts to contact her.

## II.      Legal Standard

Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, service may be effected by any means permitted by the law of the state in which the case is pending, or of the state where service is to be made. To comply with due process, the service of notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  In addition, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  *Direct Mail Specialists, Inc. v. Eclat Computerized Techn., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

## III.     Discussion

In its Motion, Plaintiff seeks an order from this Court authorizing service through alternative means.  Specifically, Plaintiff seeks an order permitting Plaintiff to serve Defendant by: (1) email; and (2) certified mail, return receipt requested, at Defendant's residential address and the two businesses addresses that appear on the Arizona Corporation Commission website.

Because Defendant is a citizen of Arizona, she is subject to service of process by any means authorized by the Arizona Rules of Civil Procedure.  Arizona Rules of Civil Procedure 4.1(d) provides that:

> [A]n individual can be served by: (1) delivering a copy of the summons and the pleading being served to that individual personally; (2) leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

However, Arizona Rules of Civil Procedure 4.1(k) provides for alternative means of service.

Initials of Deputy Clerk  _sr_

Specifically, Arizona Rules of Civil Procedure 4.1(k) provides that:

> (1) *Generally*.  If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may – on motion and without notice to the person to be served – order that service may be accomplished in another manner.

> (2) *Notice and Mailing*.  If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement.  In any event, the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served.

> (3) *Service by Publication*.  A party may serve by publication only if the requirements of Rule 4.1(l), 4.1(m), 4.2(f), or 4.2(g) are met and the procedures provided in those rules are followed.

The standard for "impracticability" under Arizona Rules of Civil Procedure 4.1(k)(1) is "different from the more stringent one of 'due process' . . . That is, to meet the standard of impracticability does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." *Blair v. Burgener*, 226 Ariz. 213, 218 (2010).  In addition, impracticability "does not mean that . . . impossibility . . . must be established, but rather requires a showing that the act to be performed is extremely difficult or inconvenient."  *Id.* (internal quotations and citations omitted).  In *Blair*, the court concluded that the plaintiff had established impracticability when the process server had attempted to serve the defendant at his residence and place of business on five different days and at various times of day and the process server was told on an additional seven days that the defendant was "not in the office."  *Id.*

In this case, similar to *Blair*, the Court concludes Plaintiff has established impracticability by attempting to serve Defendant at her residence on five different days and at various times of the day as well as attempting to contact Defendant by email and mail at three separate addresses and contacting the attorney who is the authorized agent for Defendant's company at two different email addresses.  In addition, the Court concludes that service of the Summons and Complaint on Defendant by email and by certified mail, return receipt requested, at Defendant's residential address and the two businesses addresses will be a reliable means of delivering the Summons and Complaint to Defendant and that it is reasonably calculated, under all circumstances, to give Defendant notice of the action and afford her an opportunity to present objections.  Other courts, including courts in Arizona, have accepted service by certified mail, return receipt requested, and email as an alternative means of service.  *See Barber v. Lilly*, 2013 WL 5498245 (D. Ariz. Oct. 1, 2013) (allowing service by certified mail, return receipt requested at the defendants' work and residential addresses, facsimile, and email); *see also Kohler Co. v. Domainjet, Inc.*, 2012 WL 716883 (S.D. Cal. Mar. 5, 2012) (allowing service by email); *United Health Servs., Inc. v. Meyer*, 2013 WL 843698 (N.D. Cal. Mar. 6, 2013) (allowing service by email); *Aevoe Corp. v. Pace*, 2011 WL 3904133 (N.D. Cal. Sept. 6, 2011) (allowing service by email and publication); *Balsam v. Angeles Tech.*, 2007 WL 2070297 (N.D. Cal. July 17, 2007) (allowing service by email).

Initials of Deputy Clerk __sr__

Finally, because the Complaint in this action was filed on June 1, 2021, pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve Defendant by August 30, 2021.  In light of Defendant's obvious efforts to avoid service, the Court concludes there is good cause to grant Plaintiff a brief extension of time to complete service.  *See* F.R.C.P. 4(m).  Accordingly, Plaintiff shall have until September 23, 2021 to complete service on Defendant.

## IV.     Conclusion

For all the foregoing reasons, Plaintiff's Motion is **GRANTED**.  Plaintiff is granted leave to serve Defendant by email and by certified mail, return receipt requested, at her residential address (7160 East Kierland Boulevard, Scottsdale, Arizona 85254 ) and two business addresses (4544 W. Lupine Avenue, Glendale, Arizona 85304 and 16201 N. Scottsdale Road, #100, Scottsdale, Arizona 85254).  Plaintiff shall complete service on Defendant by September 23, 2021.  Plaintiff shall file Proofs of Service by September 27, 2021.

IT IS SO ORDERED.